# EXHIBIT A-1

<table>
<tr><td>

**DISTRICT COURT, EL PASO COUNTY, COLORADO**
Court Address:
270 South Tejon Street
Colorado Springs, Colorado 80903

</td><td>

EFILED Document
CO El Paso County District Court 4th JD
Filing Date: Dec 7 2006 4:32PM MST
Filing ID: 13133649
Review Clerk: Sharon Robinson

</td></tr>
</table>

| | |
|---|---|
| **Plaintiff:**<br>DANIEL MALASKY<br><br>**Defendant:**<br>DIRT MOTOR SPORTS, INC. | |
| Attorney or Party Without Attorney:<br>Name:       John M. Husband, P.C.<br>             Christina Gomez, Esq.<br>Address:     555 Seventeenth Street, Suite 3200<br>             Post Office Box 8749<br>             Denver, Colorado 80201-8749<br>Phone Number:   (303) 295-8000<br>Fax Number:     (303) 295-8261<br>E-mail:        jhusband@hollandhart.com<br>             cgomez@hollandhart.com<br>Atty.Reg.#:     8725 (Husband)<br>             36026 (Gomez) | ▲ COURT USE ONLY ▲<br><br>Case Number:<br><br>Ctrm.: |

## COMPLAINT

Plaintiff Daniel Malasky, by and through his attorneys, Holland & Hart LLP, for his

Complaint against Defendant, states and alleges as follows:

### Jurisdiction and Venue

1.     Plaintiff Daniel Malasky ("Mr. Malasky" or "the Plaintiff"), resides at 106

Broken Lance Drive, #10, Breckenridge, Colorado 80424. At all times relevant to this action,

Mr. Malasky resided at 4016 San Felice Pointe, Colorado Springs, Colorado 80906.

2.     Upon information and belief, Defendant DIRT Motor Sports, Inc. ("DIRT" or

"the Company"), formerly known as Boundless Motor Sports Racing, Inc. ("Boundless"), is a

publicly traded Delaware corporation with its principal place of business located at 3600 W.

Main Street, Suite 150, Norman, OK 73072.  DIRT conducts business within the State of

Colorado, and, while now incorporated in Delaware, was a Colorado corporation when known as Boundless, including during the time that it made the representations and entered into the Employment Agreement that are the subjects of this Complaint. Dirt formerly had its Operations Office located at 1257 Lake Plaza Drive, Suite 250, Colorado Springs, Colorado 80906.

3.      This Court has jurisdiction over DIRT pursuant to C.R.S. § 13-1-124 because the claims arise out of DIRT's business activities in Colorado, which led to damages sustained by Mr. Malasky in Colorado.  Additionally, an Employment Agreement entered into between Mr. Malasky and the Company on October 4, 2004 provides that "This Agreement shall be construed and enforced pursuant to and in accordance with the laws of the State of Colorado."

4.      Venue is proper in this Court pursuant to Rule 98(c)(4) of the Colorado Rules of Civil Procedure because this action arises from a contract entered into in El Paso County, Colorado, for services that were to be performed in El Paso County, Colorado.

### General Allegations

5.      Mr. Malasky incorporates the above allegations as if fully set forth here.

6.      Representatives from DIRT contacted Mr. Malasky in August 2004 to discuss the possibility of Mr. Malasky joining the Company as its chief legal officer and as a member of the Company's senior management team.  The parties thereafter met in person, engaged in detailed discussions about the offer of employment being extended to Mr. Malasky, and eventually entered into a two-year employment agreement.

7.      On October 4, 2004, Mr. Malasky and DIRT entered into an Employment Agreement ("the Agreement") whereby Malasky was hired to serve as Senior Vice President and

2

General Counsel for the Company, based in DIRT's Colorado Springs, Colorado Operations Office. The effective dates of the Agreement were October 4, 2004 through October 18, 2006.

8.      At the time the Agreement was entered, DIRT represented to Mr. Malasky that he would serve for that entire two-year period as a senior officer of the Company and as a member of the Company's senior management team. DIRT also represented to Mr. Malasky that, as a member of the Company's senior management team, he would be eligible for all benefits, including but not limited to awards of stock and stock options, that were or would be granted to the other members of the Company's senior management team. DIRT further represented that the Company intended there to be a long-term relationship, and that Mr. Malasky would have an opportunity to grow with the Company, both professionally and financially.

9.      In reliance on the representations made by DIRT concerning the nature of the position, and based on assurances that he would have the opportunity to stay and grow with the Company, Mr. Malasky left his position with the prominent international law firm of Piper Rudnick, LLP in Washington, D.C., Mr. Malasky's wife left her position as a real estate agent in Alexandria, Virginia, and the Malasky's sold their residence in Alexandria, Virginia and purchased a home in Colorado Springs, Colorado.

10.      Pursuant to Section 1(C) of the Agreement, and based on conversations held between Mr. Malasky and the Company's Board of Directors, DIRT was obligated to issue to Mr. Malasky ten thousand unrestricted shares of Company Series A Common Stock "immediately upon employment."

11.      Mr. Malasky did not receive any Company stock until December 23, 2004, despite repeated demands made by Mr. Malasky to the Company requesting such issuance.

3

12.     The ten thousand shares of stock that were issued to Mr. Malasky in December 2004 were restricted in various respects.

13.     Pursuant to Section 1(D) of the Agreement, Mr. Malasky had an absolute right, at his option, to purchase additional shares of Company Series A Common Stock on an annual basis in an amount to be determined by the Board of Directors, at a price and on terms that were comparable to those granted to other senior officers of the Company.

14.     Mr. Malasky was not provided with or offered any additional stock or stock options beyond the ten thousand shares issued on December 23, 2004.  Upon information and belief, despite the representations made by DIRT officials to induce Mr. Malasky to join the Company and despite DIRT's obligations under Section 1(d) of the Agreement, at no time during Mr. Malasky's employment did DIRT's Board of Directors even consider awarding Mr. Malasky additional amounts of stock or granting Mr. Malasky any stock options.

15.     Upon information and belief, in January and February 2005, other senior officers of the company, including Brian Carter (Chief Financial Officer) and Joseph Dickey (Chief Administrative Officer), both of whom joined the Company after Mr. Malasky, were offered 300,000 options of DIRT Series A Common Stock at an exercise price of $3.65 per share.

16.     Upon information and belief, Mr. Carter was granted an additional 300,000 shares of restricted common stock in June 2006, pursuant to the Company's 2004 Long Term Incentive Plan.

17.     Upon information and belief, on February 20, 2006, other senior officers of the company, including Robert Butcher (Chief Marketing Officer) and Benjamin Geisler (Chief

4

Operations Officer), were offered 300,000 options of DIRT Series A Common Stock at an exercise price of $3.75 per share.

18.     Upon information and belief, on August 20, 2006, another senior officer of the company, Tom Deery (Chief Executive Officer), was offered 300,000 options of DIRT Series A Common Stock at an exercise price of $2.49 per share.

19.     Section 1 of the Agreement provided that DIRT's Board of Directors, or a committee thereof, would review Mr. Malasky's performance annually and determine whether to award Mr. Malasky a year-end-bonus for his performance during the prior twelve-month period.

20.     At all times during the term of the Agreement, Mr. Malasky adequately performed all of his duties and was repeatedly praised for his high level of performance and dedication to DIRT.  Indeed, Mr. Malasky was asked in January 2006 by the Board of Directors to serve as the Company's Secretary, a position which Mr. Malasky accepted and in which he served until September 2006.

21.     Neither the Board of Directors nor a committee thereof ever reviewed Mr. Malasky's performance during the term of his employment for the purposes of determining whether to issue year-end bonuses to him and, if so, in what amount.

22.     Following DIRT's management shake-up in March 2006, Mr. Malasky's role as a member of the senior management team was significantly diminished.  Mr. Malasky was increasingly excluded from day-to-day senior management functions, and Mr. Malasky was not informed regarding matters normally requiring the review and oversight of in-house counsel.

23.     In a letter dated August 31, 2006, DIRT informed Mr. Malasky that it would not be renewing or extending his Employment Agreement, despite previous assurances made to Mr.

Malasky and his wife to the contrary.  Upon information and belief, DIRT's decision to not

renew or extend Mr. Malasky's Employment Agreement was in no respect based on Mr.

Malasky's performance over the prior two-year period,.

26. 24.     On or about May 22, July 24, August 14 and September 1, 2006, Plaintiff made

written demands to DIRT for payment of unpaid wages, including the initial stock that was

offered belatedly and not in accordance with the parties' Agreement; the additional stock and

stock options that were offered to other senior officers but not to Mr. Malasky, in violation of the

Agreement and the representations made to Mr. Malasky; and the year-end bonuses that were not

considered or awarded to Mr. Malasky by the Board of Directors, in violation of the Agreement.

Prior to that time, Mr. Malasky also made several oral requests for these same payments.

25.     Mr. Malasky has not been compensated for any part of the unpaid wages owed to

him by DIRT.

**First Claim for Relief**
Breach of Oral Representations

26.     Mr. Malasky incorporates the above allegations as if set forth here.

27.     Prior to Mr. Malasky's hire, Mr. Malasky and DIRT reached a valid and binding

oral agreement whereby Mr. Malasky would be eligible for all benefits, including all awards of

stock under the Company's long-term incentive plan and all stock options, granted to other

members of the senior management team.

28.     DIRT materially breached this agreement by failing to award Mr. Malasky

Company stock and failing to grant Mr. Malasky stock options at prices and terms comparable to

those granted to other senior officers, including Messrs. Butcher, Carter, Deery, Dickey and

Geisler.

6

29.     DIRT's unlawful conduct has caused and will continue to cause damage to Mr. Malasky.

### Second Claim for Relief
### Breach of Contract – Section 1(C) of the Agreement

30.     Mr. Malasky incorporates the above allegations as if fully set forth here.

31.     The parties entered into a valid and binding Agreement, under which DIRT agreed to issue ten thousand unrestricted shares of Company Series A Common Stock to Mr. Malasky "immediately upon employment."

32.     DIRT materially breached the Agreement by failing to issue the ten thousand shares until a few months after Mr. Malasky's hire and by issuing stock that was restricted in various respects.

33.     DIRT's unlawful conduct has caused and will continue to cause damage to Mr. Malasky.

### Third Claim for Relief
### Breach of Contract – Section 1(D) of the Agreement

34.     Mr. Malasky incorporates the above allegations as if fully set forth here.

35.     The parties entered into a valid and binding Agreement, under which DIRT agreed to give Mr. Malasky the absolute right, at his option, to purchase shares of Company Series A Common Stock on an annual basis in an amount to be determined by the Board of Directors, at a price and on terms that are comparable to those granted to other senior officers of the Company, and to treat Mr. Malasky in a comparable manner with other senior officers of the Company with respect to the awarding of Company stock and the granting of stock options in the Company.

7

36.    DIRT materially breached the Agreement by failing to award Mr. Malasky Company stock and failing to grant Mr. Malasky stock options at prices and terms comparable to those granted to other senior officers, including Messrs. Butcher, Carter, Deery, Dickey and Geisler.

37.    DIRT's unlawful conduct has caused and will continue to cause damage to Mr. Malasky.

### Fourth Claim for Relief
### Breach of Contract – Section 1 of the Agreement

38.    Mr. Malasky incorporates the above allegations as if fully set forth here.

39.    The parties entered into a valid and binding Agreement, under which DIRT's Board of Directors, or a committee thereof, would review Mr. Malasky's performance annually and consider whether to award Mr. Malasky a year-end-bonus for his performance during the prior twelve-month period.

40.    DIRT materially breached the Agreement by altogether failing to conduct an annual review by the Board of Directors, or a committee thereof, of Mr. Malasky performance and failing to consider his entitlement to year-end performance bonuses.  Had it done so, the Board of Directors, or a committee thereof, acting reasonably, would have awarded Mr. Malasky significant year-end bonuses each year of his employment based on his outstanding performance.

41.    DIRT's unlawful conduct has caused and will continue to cause damage to Mr. Malasky.

### Fifth Claim for Relief
### Promissory Estoppel

42.    Mr. Malasky incorporates the above allegations as if fully set forth here.

8

43.     During the course of the parties' business dealings, DIRT made promises and representations to Mr. Malasky that it reasonably should have expected would induce forbearance by Mr. Malasky.

44.     These actions and promises induced action and forbearance by Mr. Malasky to his detriment.

45.     Justice requires the enforcement of these promises.

### Prayer For Relief

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant, and award him:

(a) Appropriate compensatory damages for all direct, incidental, and consequential economic losses suffered by Plaintiff, in an amount to be proven at trial;

(b) Exemplary and punitive damages;

(c) Attorney's fees and costs in this action;

(d) Pre- and post-judgment interest as allowed by law; and

(e) Such other and additional relief as the Court deems just and proper.

Plaintiff demands a trial by jury on all issues so triable.

Dated this 7th day of December, 2006.

Respectfully submitted,

*Original signature on file*

/s Christina Gomez
John M. Husband, P.C.                       #8725
Christina Gomez                             #36026
HOLLAND AND HART LLP
555 Seventeenth Street, Suite 3200
Denver, Colorado 80202
Ph (303) 295-8000
Fx (303) 295-8261

**Plaintiff's Address:**
P.O. Box 5495
Breckenridge, CO 80424

3634362_4.DOC

10

| | |
|---|---|
| **DISTRICT COURT, EL PASO COUNTY, COLORADO**<br>Court Address:<br>270 South Tejon Street<br>Colorado Springs, Colorado 80903 | **EFILED Document**<br>**CO El Paso County District Court 4th JD**<br>Filing Date: Dec 7 2006 4:32PM MST<br>Filing ID: 13133649<br>Review Clerk: Sharon Robinson |
| **Plaintiff:** Daniel Malasky<br><br>v.<br><br>**Defendant:** Dirt Motor Sports, Inc. | ▲ COURT USE ONLY ▲ |
| Attorney or Party Without Attorney (Name and address):<br>Christina Gomez<br>Holland & Hart LLP<br>555 Seventeenth Street, Suite 3200<br>Denver, Colorado 80201-8749<br>Phone No.: (303) 295-8000    Email: cgomez@hollandhart.com<br>FAX No: (303) 295-8261    Atty. Reg. #: 36026 | Case Number:<br><br>Division        Courtroom |

**DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT**

1. This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third party complaint in every district court civil (CV) case. It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases.

2. Check the boxes applicable to this case.

    ☐ Simplified Procedure under C.R.C.P. 16.1 **applies** to this case because this party does not seek a monetary judgment in excess of $100,000.00 against another party, including any attorney fees, penalties or punitive damages but excluding interest and costs and because this case is not a class action or forcible entry and detainer, Rule 106, Rule 120, or other expedited proceeding.

    ☒ Simplified Procedure under C.R.C.P. 16.1, **does not apply** to this case because (check one box below identifying why 16.1 does not apply):

    ☐ This is a class action or forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding,        **or**

    ☒ This party is seeking a monetary judgment for more than $100,000.00 against another party, including any attorney fees, penalties or punitive damages, but excluding interest and costs (see C.R.C.P. 16.1(c)), **or**
    ☐ Another party has previously stated in its cover sheet that C.R.C.P. 16.1 does not apply to this case.

3. ☒ This party makes a **Jury Demand** at this time and pays the requisite fee. See C.R.C.P. 38. (Checking this box is optional.)

Date: December 7, 2006            /s Christina Gomez
                                  Signature of Attorney for Party

**NOTICE**
✓ This cover sheet must be filed in all District Court Civil (CV) Cases. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.
✓ This cover sheet must be served on all other parties along with the initial pleading of a complaint, counterclaim, cross-claim, or third party complaint.
✓ This cover sheet shall not be considered a pleading for purposes of C.R.C.P. 11.

JDF 601  7/04   DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF
            COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT

```
I N T E G R A T E D   C O L O R A D O   O N L I N E   N E T W O R K   (I C O N)

Status:                          District Court, El Paso County
Case #: 2006 CV 005243     Div/Room: 1     Type: Breach of Contract
             MALASKY, DANIEL VS DIRT MOTOR SPORTS INC

Case File Date: 12/07/2006   Case Close Date:            Appealed: N
                             Confidential Intermediary.............:

                   Bar #   Name
     Judicial Off...: 016304   EDWARD SAMUEL COLT
     Alt Jud Officer: 000000
                   Description              Stat Date      Time    Rm/D
     Trial..........:                                       0:00
     Next Schd Event: Review                  4/07/2007   5:00 P
     Last Schd Event:                                       0:00
     Last Event.....: Complaint & Jury Demand  n/a  12/07/2006

     Attorney(s)....: Y

     Judgements............:N
     Motions Filed.........:N

     Amount Prayed for.....:        .00

     Jury Fee Paid.........:Y

                      ----- PARTIES -----
PARTY  ROL STS     NAME                    ATTORNEY                   ROL
DEF  1             DIRT MOTOR SPORTS INC
           Business Address........: 3600 W. MAIN STREET
                                    : SUITE 150
                                    : NORMAN, OK  73702
PTF  1             MALASKY, DANIEL         GOMEZ, CHRISTINA FINZEL    PRV
           Home Address...........: P. O.  BOX 5495
                                    : BRECKENRIDGE, CO  80424
FILE DATE   EVENT DESCRIPTION
12/07/2006  Complaint & Jury Demand        Event ID: 000001   E-Filed: Y
            ATY/   GOMEZ, CHRISTINA FINZEL
            PTF/   MALASKY, DANIEL
COMPLAINT
FILE DATE   SCHEDULED EVENT DESCRIPTION   SCHD DATE   TIME    ROOM  PRI
12/08/2006  Review                        04/07/2007  05:00 PM  1
      Officer: EDWARD SAMUEL COLT          Length:  1.00 Hour(s)

            End of Case: 2006 CV 005243
```